UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

       Plaintiff,

                                               Criminal No. 04-186(3) (JNE/JSM)

v.                                               Civil No. 08-6092 (JNE)
                                               ORDER

Carlos Lattrell McAdory,

       Defendant.

       In January 2005, a jury convicted Defendant Carlos Lattrell McAdory, and McAdory was sentenced in April 2006. He appealed, and the Eighth Circuit affirmed. *United States v. McAdory*, 501 F.3d 868 (8th Cir. 2007). McAdory filed a timely motion under 28 U.S.C.A. § 2255, which the Court denied on February 17, 2009. McAdory filed a motion to reconsider, and the Court held the February 17 Order in abeyance until McAdory filed his reply. On April 27, 2009 the Court again denied the § 2255 motion. McAdory moved for reconsideration of that order, which was denied on June 3, 2009. On June 22, 2011, McAdory filed a motion under Rule 60(b) of the Federal Rules of Civil Procedure, requesting that the court vacate the February 17, 2009 and April 27, 2009 Orders. That motion was denied on June 29, 2011. McAdory's subsequent motion for reconsideration of the June 29 Order was also denied.

       On October 29, 2012, McAdory filed the current motion under Rules 60(b)(6) and 60(d)(1) of the Federal Rules of Civil Procedure, seeking to reopen his habeas petition. He argues that at the time he filed his initial § 2255 motion, he was unable to assert a particular claim of ineffective assistance of counsel because he lacked the evidence to support such a claim.[1] McAdory now seeks to reopen his § 2255 petition so that he can bring that new claim.

---

[1]     McAdory contends that he had attempted to procure affidavits from his brother and his brother's girlfriend, but that they ignored his requests. He has now obtained the two affidavits.

Under § 2255(h), a second or successive § 2255 motion may not be entertained by a district court unless the defendant has obtained approval from the court of appeals. 28 U.S.C. § 2255(h) (2006). The Eighth Circuit has repeatedly held that a defendant may not avoid this restriction by couching a successive motion as a Rule 60(b) motion. *See, e.g.*, *Boyd v. United States*, 304 F.3d 813 (8th Cir. 2002); *United States v. Matlock*, 107 F. App'x 697 (8th Cir. 2004). A Rule 60(b) motion should be treated as a successive § 2255 motion if it "raise[s] issues . . . which [were] raised in [a] first section 2255 motion or which . . . could have [been] raised in that motion." *Matlock*, 107 F. App'x at 698. McAdory contends that his motion is not a successive § 2255 motion because it does not contain any new "claims," but rather seeks permission to later bring a new claim. This is a distinction without a difference. *See Gonzalez v. Crosby*, 545 U.S. 524, 431 (2005) (explaining that a motion seeking leave to present a new claim that was previously omitted, despite being "labeled a Rule 60(b) motion, is in substance a successive habeas petition and should be treated accordingly"). Because McAdory did not obtain approval to bring a successive § 2255 motion from the Eighth Circuit Court of Appeals, the Court cannot consider this motion. *See* § 2255(h).

Further, even if the motion were not construed as a successive § 2255 motion, it would still be untimely. "A motion under Rule 60(b) must be made within a reasonable time." Fed. R. Civ. P. 60(c)(1). What constitutes "a reasonable time" depends on the circumstances. *Middleton v. McDonald*, 388 F.3d 614, 617 (8th Cir. 2004). The current motion was filed more than three years after the orders that denied McAdory's first § 2255 motion. Moreover, all of the facts relevant to McAdory's present complaint of ineffective assistance of counsel were known to McAdory years ago. McAdory could have brought this claim sooner, and despite his assertions

to the contrary, there are no extraordinary circumstances apparent in this case.[2] *See Gonzalez*, 545 U.S. at 535.

Because the Court has determined Defendant's motion to be a second § 2255 motion, it must also decide whether a certificate of appealability should issue. An appeal cannot be taken from a final order denying a motion under § 2255 without a certificate of appealability. 28 U.S.C. § 2253(c)(1) (2006); Fed. R. App. P. 22(b)(1). A court cannot grant a certificate of appealability unless the applicant has made "a substantial showing of the denial of a constitutional right. § 2253(c)(2). This requires a petitioner to "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, Defendant has made no such demonstration. Therefore, the Court declines to issue a certificate of appealability.

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Defendant's Rule 60(b)(6) and 60(d)(1) motion [Docket No. 454] is DENIED.

2. Defendant is not entitled to a certificate of appealability.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: January 11, 2013

s/Joan N. Ericksen
JOAN N. ERICKSEN
United States District Court Judge

---

[2] The Court similarly rejects McAdory's argument under Rule 60(d)(1). "Rule 60(d) provides for extraordinary relief on a showing of exceptional circumstances." *Fox v. Brewer*, 620 F.2d 177, 180 (8th Cir. 1980); *see also United States v. Beggerly*, 524 U.S. 38, 47 (1998) ("[A]n independent action should be available only to prevent a grave miscarriage of justice."). As stated above, McAdory has not shown that any exceptional circumstances exist here, and nothing currently before the Court suggests a grave miscarriage of justice.